ORIGINAL

1 THOMAS E. FRANKOVICH,
**A Professional Law Corporation**
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone:    415/674-8600
4 Facsimile:    415/674-9900

E-filing

5 Attorneys for Plaintiff
MARSHALL LOSKOT, an individual
6

FILED
2011 JUN 22 P 5 DMR
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
7
## NORTHERN DISTRICT OF CALIFORNIA
8

9
CV 11 3090 DMR

10 MARSHALL LOSKOT, an individual,          ) CASE NO.
                                           )
11      Plaintiff,                         ) **Civil Rights**
                                           )
12 v.                                      ) **COMPLAINT FOR INJUNCTIVE RELIEF**
                                           ) **AND DAMAGES:**
13 ITALOS PIZZERIA I, II, III, a California )
   General Partnership; and GEORGE         ) **1st CAUSE OF ACTION:** For Denial of Access
14                                         ) by a Public Accommodation in Violation of the
   FERDINAND SARKISSIAN and LOUISE         ) Americans with Disabilities Act of 1990 (42
15 CHARMAINE SARKISSIAN, individuals       ) U.S.C. §12101, *et seq.*)
   dba GEORGIO'S RESTAURANT,               )
16                                         ) **2nd CAUSE OF ACTION:** For Denial of Full
                                           ) and Equal Access in Violation of California
17      Defendants.                        ) Civil Code §§54, 54.1 and 54.3
   _____)
18                                           **3rd CAUSE OF ACTION:** For Denial of
                                             Accessible Sanitary Facilities in Violation of
19                                           California Health & Safety Code §19955, *et seq.*

20                                           **4th CAUSE OF ACTION:** For Denial of
                                             Access to Full and Equal Accommodations,
21                                           Advantages, Facilities, Privileges and/or
                                             Services in Violation of California Civil Code
22                                           §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                           **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiff MARSHALL LOSKOT, an individual, complains of defendants ITALOS

2   PIZZERIA I, II, III, a California General Partnership; GEORGE FERDINAND SARKISSIAN

3   and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT and

4   alleges as follows:

5   **INTRODUCTION:**

6       1.      This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiff MARSHALL LOSKOT and the disability community are

8   members, for failure to remove architectural barriers structural in nature at defendants'

9   GEORGIO'S RESTAURANT, a place of public accommodation, thereby discriminatorily

10  denying plaintiff and the class of other similarly situated persons with physical disabilities access

11  to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods,

12  facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages

13  pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California

14  Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15      2.      Plaintiff MARSHALL LOSKOT  is a person with physical disabilities who, on or

16  about January 26, 2011 and March 20, 2011, was an invitee, guest, patron, customer at

17  defendants' GEORGIO'S RESTAURANT, in the City of San Bruno, California.  At said times

18  and place, defendants failed to provide proper legal access to the restaurant, which is a "public

* 19  accommodation" and/or a "public facility" including, but not limited to the entrance, outside

20  seating, bar, men's restroom and women's restroom.  The denial of access was in violation of

21  both federal and California legal requirements, and plaintiff MARSHALL LOSKOT suffered

22  violation of his civil rights to full and equal access, and was embarrassed and humiliated.

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 677 San Mateo Avenue, in the City of San Bruno, County of San Mateo, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff MARSHALL LOSKOT is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff MARSHALL LOSKOT is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is paraplegic.  Plaintiff MARSHALL LOSKOT requires the use of a wheelchair to travel about in public.  Consequently, plaintiff MARSHALL LOSKOT is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.      Defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as GEORIO'S RESTAURANT, located at/near 677 San Mateo Avenue, San Bruno, California, or of the building and/or buildings which constitute said public accommodation.

7.      At all times relevant to this complaint, defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, own and operate in joint venture the subject GEORGIO'S RESTAURANT as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8.      At all times relevant to this complaint, defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT are jointly and severally responsible to identify and remove architectural barriers at the subject GEORGIO'S RESTAURANT pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201      General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

1  **PRELIMINARY FACTUAL ALLEGATIONS:**

2      9.     GEORGIO'S RESTAURANT is located at/near 677 San Mateo Avenue, San

3  Bruno, California 94066. GEORGIO'S RESTAURANT its entrance, outside seating, bar, men's

4  restroom and women's restroom, and its other facilities are each a "place of public

5  accommodation or facility" subject to the barrier removal requirements of the Americans with

6  Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone

7  "alterations, structural repairs and additions," each of which has subjected GEORGIO'S

8  RESTAURANT and each of its facilities, its entrance, outside seating, bar, men's restroom and

9  women's restroom to disability access requirements per the Americans with Disabilities Act

10  Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

11      10.    At all times stated herein, defendants' and each of them with the knowledge that

12   each of them had a continuing obligation to identify and remove architectural barriers where it

13  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

14  compliant access to the subject accommodation.

15      11.    At all times referred to herein and continuing to the present time, defendants, and

16  each of them, advertised, publicized and held out the GEORGIO'S RESTAURANT as being

17  handicapped accessible and handicapped usable.

18      12.    On or about January 26, 2011 and March 20, 2011, plaintiff MARSHALL

19  LOSKOT was an invitee and guest at the subject GEORGIO'S RESTAURANT, with his care

20  giver, for purposes of having food and beverage.

21      13.    On or about but before January 26, 2011, plaintiff MARSHALL LOSKOT knew

22  he would be going to the San Mateo area. Plaintiff found GEORGIO'S RESTAURANT on a

23  website.

24      14.    On or about January 26, 2011, plaintiff MARSHALL LOSKOT patronized

25  GEORGIO'S RESTAURANT. Plaintiff MARSHALL LOSKOT encountered an entry with

26  excessive door pressure. He went to purchase a deluxe pizza but was informed that the subject

27  restaurant no longer made pizzas. Plaintiff MARSHALL LOSKOT had a Sam Adams beer.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.  At said time and place, plaintiff MARSHALL LOSKOT needed to use an accessible restroom.  It did not matter whether it was a men's or women's.  Plaintiff MARSHALL LOSKOT attempted to use the men's restroom.  Plaintiff encountered an inaccessible restroom.  Amongst other noncomplying elements, the door to the restroom was too narrow.

16.  At said time and place, plaintiff MARSHALL LOSKOT rolled back to the bar.  The bar was noncompliant.  It was too high.

17.  At said time and place, plaintiff MARSHALL LOSKOT left and wheeled to Tom's Pizza where he had pizza and used an accessible restroom.

18.  On or about January 31, 2011, plaintiff MARSHALL LOSKOT wrote the landlord and tenant identical letter(s) which stated:

" Let me introduce myself, my name is Marshall Loskot and I must use of a wheelchair for mobility.

Recently, I visited your Giorgio's to have a drink buy a pizza but the kitchen was shut down.  As a wheelchair occupant I had extreme difficulties finding and accessible table to drink my beer and using the restroom facilities.  I could not use the restroom because the entrance was not accessible and the facilities (room, toilet and etc.) were also were not accessible.  These problems made it extremely difficult or impossible for me to fully enjoy my drink at your business.  So, I am asking you to get the correct information form proper public and government agencies, and repair all of the barriers the disabled may encounter at your business before I or someone else experiences further injury or discrimination at your business.  Please write me over the next 2 to 3 weeks with your written guarantee to make the necessary repairs, a complete repair list and the schedule for making these necessary repairs over the next 2 to 3 three months.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I travel a lot on business and would like you to write me
using certified mail so your letter is not stored in our
regular or junk advertisement mail until I return home from
my business trips.  When my wife receives your letter I
have asked her to call my cell phone and bring it to my
immediate attention.  If there is a problem doing this, please
write and let me know. If you are not the person that
handles these types of repair problems, I trust that you will
forward this letter to whoever is in charge of making these
repairs at your business. I will use this information to have
another great drink during my visits to the San Bruno area.
Repairing your business is good for the disabled
community and it is good for your business."

19.     On or about March 20, 2011, plaintiff MARSHALL LOSKOT returned and

patronized GEORGIO'S RESTAURANT.  Plaintiff MARSHALL LOSKOT encountered the

same architectural barriers amongst others, to wit: noncompliant entrance, inaccessible men's

restroom, noncompliant bar area and noncompliant outdoor seating.

20.     At all times stated herein, there was no lower bar area for plaintiff MARSHALL

LOSKOT to utilize.

21.     Therefore, at said times and place, plaintiff MARSHALL LOSKOT, a person with

a disability, encountered the following inaccessible elements of the subject GEORGIO'S

RESTAURANT, which constituted architectural barriers and a denial of the proper and legally-

required access to a public accommodation to persons with physical disabilities including, but

not limited to:

      a.     lack of directional signage to show accessible routes of travel, i.e.,
            entrances and restrooms;
      b.     lack of an accessible entrance due to excessive door pressure;
      c.     lack of an accessible outside dining area; 5% compliance requirement;
      d.     lack of an accessible bar;
      e.     lack of a handicapped-accessible women's public restroom;
      f.     lack of a handicapped-accessible men's public restroom; and
      g.     On personal knowledge, information and belief, other public facilities and
            elements too numerous to list were improperly inaccessible for use by
            persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

23. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff MARSHALL LOSKOT from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

24. As a legal result of defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

25. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

26. Further, plaintiff MARSHALL LOSKOT suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  27.  Defendants', and each of their, failure to remove the architectural barriers
2  complained of herein created, at the time of plaintiff MARSHALL LOSKOT's first visit to said
3  public accommodation, and continues to create continuous and repeated exposure to substantially
4  the same general harmful conditions which caused plaintiff MARSHALL LOSKOT harm as
5  stated herein.

6  28.  Plaintiff MARSHALL LOSKOT was denied his rights to equal access to a public
7  facility by defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and
8  GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals
9  dba GEORGIO'S RESTAURANT, because defendants ITALOS PIZZERIA I, II, III, a California
10  General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE
11  SARKISSIAN, individuals dba GEORGIO'S RESTAURANT maintained a restaurant without
12  access for persons with physical disabilities to its facilities, including but not limited to the
13  entrance, outside seating, bar, men's restroom and women's restroom , and other public areas as
14  stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and
15  other persons with physical disabilities in these and other ways.

16  29.  On information and belief, construction alterations carried out by defendants have
17  also triggered access requirements under both California law and the Americans with Disabilities
18  Act of 1990.

19  30.  Plaintiff, as described hereinbelow, seeks injunctive relief to require GEORGIO'S
20  RESTAURANT to be made accessible to meet the requirements of both California law and the
21  Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
22  operate the restaurant as a public facility.

23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    31.    Plaintiff seeks damages for violation of his civil rights on January 26, 2011 and
2  March 20, 2011 and seeks statutory damages of not less than $4,000, pursuant to Civil Code
3  §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the
4  trier of fact (court/jury) determines was the date that some or all remedial work should have been
5  completed under the standard that the landlord and tenant had an ongoing duty to identify and
6  remove architectural barriers where it was readily achievable to do so, which deterred plaintiff
7  MARSHALL LOSKOT from returning to the subject public accommodation because of his
8  knowledge and/or belief that neither some or all architectural barriers had been removed and that
9  said premises remains inaccessible to persons with disabilities whether a wheelchair user or
10  otherwise.

11    32.    On information and belief, defendants have been negligent in their affirmative duty
12  to identify the architectural barriers complained of herein and negligent in the removal of some or
13  all of said barriers.

14    33.    Because of defendants' violations, plaintiff and other persons with physical
15  disabilities are unable to use public facilities such as those owned and operated by defendants on a
16  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
17  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
18  other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling
19  defendants to make GEORGIO'S RESTAURANT accessible to persons with disabilities.

20    34.    On information and belief, defendants have intentionally undertaken to modify and
21  alter existing building(s), and have failed to make them comply with accessibility requirements
22  under the requirements of ADAAG and California Building Code.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  The acts and omission of defendants, and each of them, in failing to provide the required
2  accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied
3  malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with
4  a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated
5  persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to
6  make a more profound example of defendants, and each of them, to other operators and landlords
7  of other restaurants and other public facilities, and to punish defendants and to carry out the
8  purposes of the Civil Code §§ 51, 51.5 and 54.

9      35.    Plaintiff is informed and believes and therefore alleges that defendants ITALOS
10  PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN
11  and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, and
12  each of them, caused the subject building(s) which constitute GEORGIO'S RESTAURANT to be
13  constructed, altered and maintained in such a manner that persons with physical disabilities were
14  denied full and equal access to, within and throughout said building(s) of the subject restaurant
15  and were denied full and equal use of said public facilities. Furthermore, on information and
16  belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in
17  such conditions up to the present time, despite actual and constructive notice to such defendants
18  that the configuration of GEORGIO'S RESTAURANT and/or its building(s) is in violation of the
19  civil rights of persons with physical disabilities, such as plaintiff MARSHALL LOSKOT, and
20  other members of the disability community. Such construction, modification, ownership,
21  operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,
22  51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36. On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting GEORGIO'S RESTAURANT and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff MARSHALL LOSKOT himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make GEORGIO'S RESTAURANT accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the subject restaurant. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

37. Plaintiff MARSHALL LOSKOT and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive)
(42 U.S.C. §12101, *et seq.*)

38.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

39.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

41.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336
(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services
Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public
accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or
> drink.

42 U.S.C. §12181(7)(B)

42.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
privileges, advantages, or accommodations of any place of public accommodation by any person
who owns, leases, or leases to, or operates a place of public accommodation."

43.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),
42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be necessary
> for the provision of the goods, services, facilities, privileges,
> advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

///
///
///
///
///

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

44.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of GEORGIO'S RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

45.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers,
2  defendants have failed to make the required services available through alternative methods which
3  were readily achievable.

4      46.     On information and belief, construction work on, and modifications of, the subject
5  building(s) of GEORGIO'S RESTAURANT occurred after the compliance date for the
6  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
7  under Title III of the ADA.

8      47.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
9  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
10  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
11  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
12  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
13  making use of the public facilities complained of herein so long as the premises and defendants'
14  policies bar full and equal use by persons with physical disabilities.

15      48.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
16  disability to engage in a futile gesture if such person has actual notice that a person or
17  organization covered by this title does not intend to comply with its provisions." Pursuant to this
18  section, plaintiff MARSHALL LOSKOT has not returned to defendants' premises since on or
19  about March 20, 2011, but on information and belief, alleges that defendants have continued to
20  violate the law and deny the rights of plaintiff and of other persons with physical disabilities to
21  access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
22  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
23  facilities readily accessible to and usable by individuals with disabilities to the extent required by
24  this title."

25

26

27

28

1  49. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

2  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

3  the Americans with Disabilities Act of 1990, including but not limited to an order granting

4  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

5  deemed to be the prevailing party.

6  **II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEO.**
7  (On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE
8  FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive)
9  (California Civil Code §§54, 54.1, 54.3, *et seq.)*

10  50. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

11  allegations contained in paragraphs 1 through 49 of this complaint.

12  51. At all times relevant to this action, California Civil Code §54 has provided that

13  persons with physical disabilities are not to be discriminated against because of physical handicap

14  or disability. This section provides that:

15  (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways,
16  sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

17  52. California Civil Code §54.1 provides that persons with disabilities shall not be

18  denied full and equal access to places of public accommodation or facilities:

19  (a)(1) Individuals with disabilities shall be entitled to full
20  and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including
21  hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains,
22  motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised,
23  licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of
24  public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions
25  and limitations established by law, or state or federal regulation, and applicable alike to all persons.

26  Civil Code §54.1(a)(1)

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53.     California Civil Code §54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) also
> constitutes a violation of this section, and nothing in this section
> shall be construed to limit the access of any person in violation of
> that act.

Civil Code §54.1(d)

54.     Plaintiff MARSHALL LOSKOT is a person within the meaning of Civil Code

§54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as

prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

defendants' GEORGIO'S RESTAURANT.  As a legal result, plaintiff is entitled to seek damages

pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

each day on which he visited or have been deterred from visiting the GEORGIO'S

RESTAURANT because of his  knowledge and belief that the subject restaurant is inaccessible to

persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

55. On or about January 26, 2011 and March 20, 2011, plaintiff MARSHALL LOSKOT suffered violations of Civil Code §§54 and 54.1 in that plaintiff MARSHALL LOSKOT was denied access to entrance, outside seating, bar, men's restroom and women's restroom and other public facilities as stated herein at GEORGIO'S RESTAURANT and on the basis that plaintiff MARSHALL LOSKOT was a person with physical disabilities.

56. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

57. Further, plaintiff MARSHALL LOSKOT suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

58. Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about January 26, 2011 and March 20, 2011, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

59. As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this

2   lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

3   Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

4   plaintiff, but also to compel the defendants to make their facilities accessible to all members of the

5   public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,

6   pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

7   **III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

8         (On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE

9         FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive)

10       (Health & Safety Code §19955, *et seq.*)

11       60.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12   the allegations contained in paragraphs 1 through 59 of this complaint.

13       61.     Health & Safety Code §19955 provides in pertinent part:

14             The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

15             provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part

16             "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general

17             public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary

18             facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for

19             the handicapped.

20       62.     Health & Safety Code §19956, which appears in the same chapter as §19955,

21   provides in pertinent part, "accommodations constructed in this state shall conform to the

22   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

23   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

24   public accommodations constructed or altered after that date.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  On information and belief, portions of GEORGIO'S RESTAURANT and/or of the building(s)
2  were constructed and/or altered after July 1, 1970, and substantial portions of GEORGIO'S
3  RESTAURANT and/or the building(s) had alterations, structural repairs, and/or additions made to
4  such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building
5  to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon
6  such alteration, structural repairs or additions per Health & Safety Code §19959.

7      63.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
8  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
9  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
10  Regulations and these regulations must be complied with as to any alterations and/or
11  modifications of GEORGIO'S RESTAURANT and/or the building(s) occurring after that date.
12  Construction changes occurring prior to this date but after July 1, 1970 triggered access
13  requirements pursuant to the "ASA" requirements, the American Standards Association
14  Specifications, A117.1-1961. On information and belief, at the time of the construction and
15  modification of said building, all buildings and facilities covered were required to conform to
16  each of the standards and specifications described in the American Standards Association
17  Specifications and/or those contained in the California Building Code.

18      64.    Restaurants such as the GEORGIO'S RESTAURANT are "public
19  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

20      65.    As a result of the actions and failure to act of defendants, and as a result of the
21  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
22  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
23  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
24  facilities.

25
26
27
28

66.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
civil rights and enforce provisions of the law protecting access for the persons with physical
disabilities and prohibiting discrimination against the persons with physical disabilities, and to
take such action both in plaintiff's own interests and in order to enforce an important right
affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
§1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

67.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of
them, to make the subject place of public accommodation readily accessible to and usable by
persons with disabilities.

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants
ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE
FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba
GEORGIO'S RESTAURANT, inclusive)
(Civil Code §51, 51.5)

68.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
the allegations contained in paragraphs 1 through 67 of this complaint.

69.     Defendants' actions and omissions and failure to act as a reasonable and prudent
public accommodation in identifying, removing and/or creating architectural barriers, policies,
practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  The Unruh Act provides:

2    This section shall be known, and may be cited, as the Unruh
     Civil Rights Act.

3
     All persons within the jurisdiction of this state are free and
4    equal, and no matter what their sex, race, color, religion, ancestry,
     national origin, or **disability** are entitled to the full and equal
5    accommodations, advantages, facilities, privileges, or services in all
     business establishments of every kind whatsoever.

6
     This section shall not be construed to confer any right or
7    privilege on a person that is conditioned or limited by law or that is
     applicable alike to persons of every sex, color, race, religion,
8    ancestry, national origin, or **disability.**

9    Nothing in this section shall be construed to require any
     construction, alteration, repair, structural or otherwise, or
10   modification of any sort whatsoever, beyond that construction,
     alteration, repair, or modification that is otherwise required by other
11   provisions of law, to any new or existing establishment, facility,
     building, improvement, or any other structure . . . nor shall anything
12   in this section be construed to augment, restrict, or alter in any way
     the authority of the State Architect to require construction,
13   alteration, repair, or modifications that the State Architect otherwise
     possesses pursuant to other . . . laws.

14
     A violation of the right of any individual under the
15   Americans with Disabilities Act of 1990 (Public Law 101-336) shall
     also constitute a violation of this section.

16

17  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

18  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

19  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

20  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

21  defendants, and each of them.

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

70. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

71. Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §38, *et seq.*, as if repled herein.

72. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

73.    Further, plaintiff MARSHALL LOSKOT suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

74.    Plaintiff MARSHALL LOSKOT is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3  **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
          PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4          DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
           (On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants
5          ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE
           FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba
6          GEORGIO'S RESTAURANT, inclusive)
           (42 U.S.C. §12101, *et seq.*)
7
            1.      For injunctive relief, compelling defendants ITALOS PIZZERIA I, II, III, a
8
   California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE
9
   CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive, to make
10
   GEORGIO'S RESTAURANT, located at 677 San Mateo Avenue, San Bruno, California, readily
11
   accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to
12
   make reasonable modifications in policies, practice, eligibility criteria and procedures so as to
13
   afford full access to the goods, services, facilities, privileges, advantages and accommodations
14
   being offered.
15
            2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the
16
   prevailing party; and
17
            3.      For such other and further relief as the court may deem proper.
18
19  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
          AND 54.3, *ET SEQ.***
20          (On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against
           Defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE
21          FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba
           GEORGIO'S RESTAURANT, inclusive)
22          (California Civil Code §§54, 54.1, 54.3, *et seq.*)

23          1.      For injunctive relief, compelling defendants ITALOS PIZZERIA I, II, III, a

24  California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE

25  CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive, to make

26  GEORGIO'S RESTAURANT, located at 677 San Mateo Avenue, San Bruno, California, readily

27  accessible to and usable by individuals with disabilities, per state law.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2 each occasion on which plaintiff was deterred from returning to the subject public

3 accommodation.

4      3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5 if plaintiffs are deemed the prevailing party;

6      4.     Treble damages pursuant to Civil Code §54.3;

7      5.     General damages according to proof;

8      6.     For all costs of suit;

9      7.     Prejudgment interest pursuant to Civil Code §3291; and

10     8.     Such other and further relief as the court may deem just and proper.

11 **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**

12 **§19955, *ET. SEO.***
(On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants

13 ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba

14 GEORGIO'S RESTAURANT, inclusive)
(Health & Safety code §19955, *et seq.*)

15

16     1.     For injunctive relief, compelling defendants ITALOS PIZZERIA I, II, III, a

California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE

17

CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive, to make

18

GEORGIO'S RESTAURANT, located at 677 San Mateo Avenue, San Bruno, California, readily

19

accessible to and usable by individuals with disabilities, per state law.

20     2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

21

alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

22     3.     For all costs of suit;

23     4.     For prejudgment interest pursuant to Civil Code §3291;

24     5.     Such other and further relief as the court may deem just and proper.

25

26

27

28

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff MARSHALL LOSKOT, an individual and Against Defendants ITALOS PIZZERIA I, II, III, a California General Partnership; and GEORGE FERDINAND SARKISSIAN and LOUISE CHARMAINE SARKISSIAN, individuals dba GEORGIO'S RESTAURANT, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    5.    For all costs of suit;

2    6.    Prejudgment interest pursuant to Civil Code §3291; and

3    7.    Such other and further relief as the court may deem just and proper.

4

5    Dated: _May 19_ , 2011        THOMAS E. FRANKOVICH,
                                    *A PROFESSIONAL LAW CORPORATION*
6

7

8                          By:
9                                    THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff MARSHALL LOSKOT, an
10                                   individual

11                      **DEMAND FOR JURY TRIAL**

12          Plaintiff hereby demands a jury for all claims for which a jury is permitted.

13

14

15   Dated: _5/19/11_ , 2011        THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
16

17

18                         By:
19                                   THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff MARSHALL LOSKOT, an
                                     individual
20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29